[Civ. No. 14871. Fourth Dist., Div. One. Nov. 19, 1976.]

In re ZARDIES B., a Person Coming Under the Juvenile Court Law.
KENNETH F. FARE, as Chief Probation Officer, etc.,
Plaintiff and Respondent, v.
ZARDIES B., Defendant and Appellant.

COUNSEL

Appellate Defenders, Inc., under appointment by the Court of Appeal, Stephen J. Perrello, Jr., and Judith Di Gennaro for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Jay M. Bloom and Karl J. Phaler, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

BROWN (Gerald), P. J.—Zardies B., a minor, appeals the order committing him to the California Youth Authority (CYA).

On January 9, 1976, at about 9 a.m., Zardies and eight other boys stood outside a classroom at Wilson Junior High School, yelling and talking. The teacher in the classroom, Perriana Azevedo, asked them to leave. Zardies went into the classroom and when asked again by the teacher to leave, faced her at a foot's distance and said in an angry and belligerent tone that he would "slap [her] . . . face in." Although Azevedo did not think Zardies would carry out his threat, she thought he could have done so if he had wanted to. Zardies heeded Azevedo's third request that he leave and continued his heckling from the hall. The class was disrupted for about 15 minutes. Zardies was charged and a true finding was made that he had threatened a public officer (Pen. Code, § 71).

On appeal Zardies contends Penal Code section 71 is not intended to apply to this kind of situation and does not proscribe his conduct. Penal Code section 71 reads in part: "Every person who, with intent to cause, attempts to cause, or causes, any officer or employee of any public or private educational institution or any public officer or employee to do, or refrain from doing, any act in the performance of his duties, by means of a threat, directly communicated to such person, to inflict an unlawful injury upon any person or property, and it reasonably appears to the recipient of the threat that such threat could be carried out, is guilty of a public offense. . . ." Zardies suggests this section is aimed at prohibiting only threats connected with extortion or applies only to actions far more serious than what he terms is adolescent misbehavior. ■ Prohibited, however, by the plain words of the statute, are direct threats of physical

injury which keep an employee of the public schools from doing his duty. Here Zardies prevented Azevedo from teaching and he tried to keep her from ejecting him from the classroom by threatening her with physical injury. His conduct falls within the prohibition of the statute.

Zardies argues that if he does come within the statute then the prosecution failed in this case to prove the necessary elements of the offense. He suggests that proof of a threat includes the intent to carry it out and obtain compliance. Or, he says the People should have the burden of showing there was an intent to carry out the threat even if there was no expectation of compliance. By Zardies' own definition as set out in his brief: "A threat is variously defined as the 'expression of an intention to inflict evil, injury, or damage on another, usually as retribution or punishment' . . . and as the 'expression of an intention to inflict loss or harm on another by illegal means and especially by means involving coercion or duress of the person threatened.' " (Webster's Third New Internat. Dict. (1966 ed.).) This definition does not say anything about an intention to carry out the threat; rather an expression of one's intent to cause harm by illegal means is all that is required.

Zardies argues his threat was not intended to stop Azevedo from teaching and, thus, he committed no offense. The question, however, is, did Zardies' threat in fact cause Azevedo ". . . to do, or refrain from doing, *any act* in the performance of [her] duties. . . ."? (Italics ours.) Zardies' threat was in response to an attempt to eject him from the classroom. Not only did it keep the class from its learning activities but it also made it necessary for Azevedo to ask Zardies again to leave the room. This satisfies the element of interference.

Zardies contends the People should be required to prove it reasonably appeared he would carry out the threat rather than that he could carry it out. However, the statutory requirement clearly states the requirement as the appearance that the threat *could* be carried out. Azevedo testified to that effect. There was no error.

Zardies complains the court's decision to commit him to CYA was an abuse of discretion. Under Welfare and Institutions Code section 734: "No ward of the juvenile court shall be committed to the Youth Authority unless the judge of the court is fully satisfied that the mental and physical condition and qualifications of the ward are such as to render it probable that he will be benefited by the reformatory

educational discipline or other treatment provided by the Youth Authority." At the same time a true finding was made that Zardies had threatened a school employee (Pen. Code, § 71) there was also a true finding his presence at the school was disruptive (Pen. Code, § 626.8). In addition to these two offenses the court's disposition included an earlier grand theft which Zardies admitted. The present school offenses had taken place while he was detained at the Southeast Involvement Project. While on a suspended sentence for burglary he had committed the grand theft. ■ These facts are sufficient to support the court's determination Zardies would benefit from CYA. There was no abuse of discretion.

The order is affirmed.

Cologne, J., and Coughlin, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 27, 1977.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.